UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

LORI A. SOMMERFELD,              )
                                 ) No. CV-10-299-JPH
           Plaintiff,            )
                                 ) ORDER GRANTING DEFENDANT'S
v.                               ) MOTION FOR SUMMARY JUDGMENT
                                 )
MICHAEL J. ASTRUE, Commissioner  )
of Social Security,              )
                                 )
           Defendant.            )
                                 )
                                 )

        BEFORE THE COURT are cross-motions for summary judgment noted for hearing without oral argument on October 14, 2011 (ECF No. 19, 21). Attorney Maureen J. Rosette represents plaintiff; Special Assistant United States Attorney Gerald J. Hill represents the Commissioner of Social Security (defendant). Plaintiff filed a reply on October 3, 2011 (ECF No. 23). The parties have consented to proceed before a magistrate judge (ECF No. 7). After reviewing the administrative record and the briefs filed by the parties, the court **GRANTS** defendant's motion for summary judgment (ECF No. 21).

                         **JURISDICTION**

        Plaintiff applied for disability insurance benefits (DIB) and supplemental security income (SSI) benefits on April 10, 2008, alleging disability since February 23, 2008, due to mental conditions (Tr. 102-115, 133). The applications were denied initially and on reconsideration (Tr. 69-73,74-77).

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                        - 1 -

1    At a hearing before an Administrative Law Judge (ALJ) on

2  October 28, 2009, plaintiff, represented by counsel, and a

3  vocational expert testified (Tr. 38-56). Plaintiff's counsel

4  stipulated to a step five determination by the ALJ (Tr. 41). On

5  March 19, 2010, the ALJ issued an unfavorable decision (Tr. 16-

6  30). The Appeals Council denied review on August 12, 2010 (Tr. 1-

7  3). The ALJ's decision became the final decision of the

8  Commissioner, which is appealable to the district court pursuant

9  to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial

10  review on September 10, 2010 (ECF No. 1,4).

11                    **STATEMENT OF FACTS**

12    The facts have been presented in the administrative hearing

13  transcript, the ALJ's decision, the briefs of both plaintiff and

14  the Commissioner, and are very briefly summarized here.

15    Plaintiff was 44 years old at onset. She  earned a GED and a

16  bachelor's degree in nursing (Tr. 39, 42, 411). Plaintiff

17  testified she had not used methamphetamine since December 23,

18  2007, and had not used alcohol or cannabis since April 2008 (Tr.

19  44-45, 47).

20    She last worked in February 2008, as a nurse (Tr. 133).

21                **SEQUENTIAL EVALUATION PROCESS**

22    The Social Security Act (the Act) defines disability as the

23  "inability to engage in any substantial gainful activity by reason

24  of any medically determinable physical or mental impairment which

25  can be expected to result in death or which has lasted or can be

26  expected to last for a continuous period of not less than twelve

27  months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also

28  provides that a Plaintiff shall be determined to be under a

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                        - 2 -

disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from

performing work which was performed in the past. If a plaintiff is able to perform previous work, that Plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual functional capacity (RFC) assessment is considered. If plaintiff cannot perform this work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once plaintiff establishes that a physical or mental impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

Plaintiff has the burden of showing that drug and alcohol addiction (DAA) is not a contributing factor material to disability. *Ball v. Massanari*, 254 F.3d 817, 823 (9th Cir. 2001). The Social Security Act bars payment of benefits when drug addiction and/or alcoholism is a contributing factor material to a disability claim. 42 U.S.C. §§ 423 (d)(2)(C)and 1382a(3)(J); *Bustamante v. Massanari,* 262 F.3d 949 (9th Cir. 2001); *Sousa v.*

*Callahan*, 143 F.3d 1240, 1245 (9th Cir. 1998). If there is
evidence of DAA and the individual succeeds in proving disability,
the Commissioner must determine whether DAA is material to the
determination of disability. 20 C.F.R. §§ 404.1535 and 416.935.
If an ALJ finds that the claimant is not disabled, as in the
present case, then the claimant is not entitled to benefits and
there is no need to proceed with the analysis to determine whether
substance abuse is a contributing factor material to disability.

**STANDARD OF REVIEW**

Congress has provided a limited scope of judicial review of a
Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold
the Commissioner's decision, made through an ALJ, when the
determination is not based on legal error and is supported by
substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th
Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).
"The [Commissioner's] determination that a plaintiff is not
disabled will be upheld if the findings of fact are supported by
substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th
Cir. 1983)(*citing* 42 U.S.C. § 405(g)). Substantial evidence is
more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112,
1119 n. 10 (9th Cir. 1975), but less than a preponderance.
*McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir. 1989);
*Desrosiers v. Secretary of Health and Human Services*, 846 F.2d
573, 576 (9th Cir. 1988). Substantial evidence "means such
evidence as a reasonable mind might accept as adequate to support
a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)
(citations omitted). "[S]uch inferences and conclusions as the
[Commissioner] may reasonably draw from the evidence" will also be

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                                    - 5 -

upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan,* 877 F.2d 20, 22 (9th Cir. 1989)(*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

**ALJ'S FINDINGS**

The ALJ found plaintiff met the DIB requirements and was insured through December 31, 2010 (Tr. 19, 21). At step one he found Ms. Sommerfeld did not engage in substantial gainful activity after onset (Tr. 21.) At steps two and three, he found plaintiff suffers from schizoaffective disorder and substance addiction disorder (DAA), impairments that are severe but which do not alone or in combination meet or medically equal a listed impairment (Tr. 21-22). He found plaintiff less than completely

credible (Tr. 26). At step four, relying on the VE, the ALJ found plaintiff is unable to perform her past relevant work. At step five, again relying on the VE, the ALJ found plaintiff can work at other jobs, such as janitor, housekeeper, or cannery worker (Tr. 28-29). Accordingly, the ALJ found plaintiff is not disabled as defined by the Social Security Act (Tr. 29-30).

### ISSUES

Plaintiff contends the Commissioner erred as a matter of law when he gave inadequate reasons for rejecting the opinions of examining psychologists Drs. Bostwick, Brown, and Islam-Zwart (ECF No. 20 at 8, 9-16). The Commissioner answers that because the ALJ's decision is supported by substantial evidence and free of legal error, the Court should affirm (ECF No. 22 at 10).

### DISCUSSION

**A. Weighing medical evidence - standards**

In social security proceedings, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. § 416.908. The effects of all symptoms must be evaluated on the basis of a medically determinable impairment which can be shown to be the cause of the symptoms. 20 C.F.R. § 416.929. Once medical evidence of an underlying impairment has been shown, medical findings are not required to support the alleged severity of symptoms. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991).

A treating physician's opinion is given special weight because of familiarity with the claimant and the claimant's

physical condition. *Fair v. Bowen*, 885 F.2d 597, 604-05 (9th Cir. 1989). However, the treating physician's opinion is not "necessarily conclusive as to either a physical condition or the ultimate issue of disability." *Magallanes v. Bowen,* 881 F.2d 747, 751 (9th Cir. 1989)(citations omitted). More weight is given to a treating physician than an examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Correspondingly, more weight is given to the opinions of treating and examining physicians than to nonexamining physicians. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the ALJ may reject an opinion if he states specific, legitimate reasons that are supported by substantial evidence. *See Flaten v. Secretary of Health and Human Serv.*, 44 F.3d 1435, 1463 (9th Cir. 1995).

In addition to the testimony of a nonexamining medical advisor, the ALJ must have other evidence to support a decision to reject the opinion of a treating physician, such as laboratory test results, contrary reports from examining physicians, and testimony from the claimant that was inconsistent with the treating physician's opinion. *Magallanes v. Bowen*, 881 F.2d 747, 751-52 (9th Cir. 1989); *Andrews v. Shalala*, 53 F.3d 1042-43 (9th Cir. 1995).

**B. Credibility**

Plaintiff's failure to challenge the ALJ's negative credibility assessment on appeal waives any challenge. *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir.

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                                    - 8 -

2008).

It is the province of the ALJ to make credibility determinations. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ relied, in part, on plaintiff's wide range of activities and inconsistent statements about substance use when he found her less than completely credible (Tr. 25-27). See e.g. Tr. 150-155: cares for her father, including performing light housekeeping, chores and running errands; visits family and friends; shops, plays cards; makes moccasins; and rides bikes; Tr. 403: plaintiff's description of DAA history is not credible.

The ALJ's reasons for finding plaintiff less than fully credible are clear, convincing, and fully supported by the record. *See Thomas v. Barnhart*, 278 F.3d 947, 958-959 (9th Cir. 2002) (proper factors include inconsistencies in plaintiff's statements, inconsistencies between statements and conduct, and extent of

daily activities).

**C. Opinion of Dr. Islam-Swart**

Plaintiff first alleges the ALJ failed to properly weigh the opinion of Kayleen Islam-Swart, Ph.D., on May 30, 2006 (ECF No. 20 at 9-10, 15-16, referring to Tr. 278-289). She assessed severe, marked and moderate limitations (Tr. 288). As the Commissioner accurately points out, the ALJ was not required to discuss this opinion because it was rendered well before onset on February 23, 2008, and because plaintiff worked for nearly two years after Dr. Islam-Swart's rather dire evaluation (ECF No. 22 at 6-7). Because this evidence related to a period of time before alleged onset, the Commissioner is correct that it was not probative and the ALJ was not required to discuss it. *Vincent v. Heckler*, 739 F.2d 1393, 139-95 (9th Cir. 1984), citing *Cotter v. Harris*, 642 F.2d 700, 706 (3rd Cir.1981)(ALJ need not discuss all evidence; rather, she must explain why significant probative evidence has been rejected).

**D. Opinion of Dr. Bostwick**

Next, Plaintiff alleges the ALJ failed to properly reject or accept the March 5, 2008 (Tr. 406-419) and April 11, 2008 (Tr. 395-405), opinions of Allen Bostwick, Ph.D. (ECF No. 20 at 10-11). [Dr. Bostwick conducted one evaluation, on February 25, 2008, but issued two reports.]

In his first report, Dr. Bostwick opined plaintiff was unable to work as a nurse with reasonable skill and safety "due to the cumulative effects of her cognitive, psychological, and interpersonal deficits" (ECF No. 20 at 10, referring to Tr. 419). After he obtaining plaintiff's release to review records from Eastern State Hospital (ESH) and the evaluation and records of her

treatment provider, Margaret Jones, ARNP, Dr. Bostwick reviewed these records and filed an addendum to the report in April (Tr. 395-405). Dr. Bostwick diagnosed a schizoaffective disorder, probable bipolar type, by history; history of substance-induced psychotic disorder with delusions; amphetamine dependence in unknown state of remission; cannabis and alcohol use, episodic; noncompliance with substance abuse treatment and partial noncompliance with evaluation;[1] and personality disorder, NOS, with narcissistic, histrionic, antisocial, and self-defeating features (Tr. 404). He opined plaintiff would not be able to work as a nurse (*Id.*).

The Commissioner answers that Dr. Bostwick did not assess any greater limitations than the ALJ, resulting in no harmful error (ECF No. 22 at 7).

The Commissioner is correct. The ALJ agreed with Dr. Bostwick when he found at step four that plaintiff is unable to perform her past work as a nurse (Tr. 28). Any error at this step is harmless, because the ALJ resolved it in plaintiff's favor. *See Stout v. Comm'r of Soc. Sec. Admin.*, 4554 F.3d 1050, 1056 (9th Cir. 2006) (citing *Burch v. Barnhart*, 400 F.3d 676, 682 (9th Cir. 2005)).

**E. Three opinions of Dr. Brown**

Plaintiff alleges the ALJ failed to properly weigh two opinions by Debra Brown, Ph.D. (in May 2008, April 2009). She also alleges that, after the hearing, the Appeals Council failed to credit Dr. Brown's March 2010 opinion (ECF No. 20 at 11-16). The

---

[1]Plaintiff was noncompliant with the evaluation, in part, because her some of her interview answers were nonresponsive (Tr. 413).

Commissioner responds that the ALJ properly weighed the first two opinions, and the Court is not required to credit the third because plaintiff fails to show it is material and there is good cause for failing to present it to the ALJ (ECF No 22 at 8-10).

*1. May 29, 2008*

Dr. Brown diagnosed bipolar I disorder, most recent episode unspecified, and general anxiety disorder. She opined, about three months after onset, plaintiff's bipolar disorder is "very severe" but she is managing it quite well with therapy and medications. Dr. Brown assessed a GAF of 59 and opined if plaintiff lost her job and nursing license, her condition would likely severely decline (Tr. 459). She assessed five moderate limitations (Tr. 453).

*2. April 27, 2009*

The ALJ rejected Dr. Brown's 2009 opinion that plaintiff was unable to work (Tr. 25; 594-601). His reason for rejecting this contradicted opinion (in part, relying on the opinion of another examining psychologist, Dr. Everhart, below), is specific, legitimate and supported by the evidence. Significantly, the ALJ also relied on Dr. Brown's notation (1) plaintiff was possibly still drug dependent and withdrawal symptoms could be present; (2) a rule out diagnosis of unknown substance abuse should be added; (3) it appeared plaintiff was currently abusing some sort of substance; and (4) plaintiff had failed to follow through with recommended treatment (Tr. 25, citing Ex. 18F and 25F). Dr. Brown assessed marked and moderate limitations (Tr. 596).

The ALJ rejected Dr. Brown's contradicted opinion Ms. Sommerfeld was unable to work because he noted it appeared to be

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                              - 12 -

based on plaintiff's continued substance abuse and related
depressive symptoms (Tr. 27). Plaintiff asserts the inability to
work was caused by losing her job and nursing license, which led
to worsening symptoms, as Dr. Brown had predicted (ECF No. 20 at
14-15).

It is the responsibility of the ALJ to determine credibility,
resolve conflicts in medical testimony and resolve ambiguities.
*Saelee v. Chater*, 94 F.3d 520, 522 (9th Cir. 1996). The court thus
has a limited role in determining whether the ALJ's decision is
supported by substantial evidence and may not substitute its own
judgment for that of the ALJ even if it might justifiably have
reached a different result upon de novo review. 42 U.S.C. §
405(g). If the evidence supports more than one rational
interpretation, the Court may not substitute its judgment for that
of the Commissioner. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th
Cir. 1999). If there is substantial evidence to support the
administrative findings, or if there is conflicting evidence that
will support a finding of either disability or nondisability, the
finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812
F.2d 1226, 1229-30 (9th Cir. 1987).

Substantial evidence supports the ALJ's rational
interpretation of Dr. Brown's second opinion. Accordingly, the
Commissioner's finding is conclusive.

*3. March 2010, post-hearing opinion*

The Commissioner asserts plaintiff fails to show this report
is new evidence meriting the Court's consideration (ECF No. 22 at
9 n. 5). As noted, Dr. Brown's report, dated March 12, 2010, was
submitted to the Appeals Council but not the ALJ (Tr. 695-700).

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                           - 13 -

The hearing was held October 28, 2009. The ALJ's decision is dated March 19, 2010.

The court has discretion to remand matters on appeal for consideration of newly discovered evidence. *Goerg v. Schweiker*, 643 F.2d 582, 584 (9th Cir. 1981); 42 U.S.C. § 405(g). Section 405(g) expressly provides for remand where new evidence is "material" and there is "good cause" for the failure to incorporate the evidence in a prior proceeding. *Burton v. Heckler*, 724 F.2d 1415, 1417 (9th Cir. 1984).

To be material, the new evidence must bear directly and substantially on the matter in issue. *Key v. Heckler*, 754 F.2d 1545, 1551 (9th Cir. 1985). Also, there must be a reasonable probability that the new evidence would have changed the outcome if it had been before the Secretary. *Booz v. Secretary of Health and Human Services*, 734 F.2d 1378, 1380-1381 (9th Cir. 1984).

Seeking out a new success with the agency does not establish "good cause": *Allen v. Secretary of Health and Human Services*, 726 F.2d 1470, 1473 (9th Cir. 1984).

Since plaintiff fails to meet the materiality and good cause requirements, the Court is not able to consider the newly submitted evidence.

**F. Opinion of Dr. Everhart**

The ALJ considered the June 2008 opinion of examining psychologist Joyce Everhart, Ph.D. (Tr. 24-25; 461-468). Dr. Everhart diagnosed schizoaffective disorder, primarily manic type; polysubstance abuse; alcohol dependence, mostly in remission, and history of panic disorder with agoraphobia (Tr. 466). As noted, the ALJ found plaintiff suffers from the severe impairments of

schizoaffective disorder and substance addition disorder (DAA)(Tr. 21), basically consistent with Dr. Everhart's diagnoses.

Dr. Everhart's testing showed good persistence and pace. Concentration, attention, and intellectual ability were within normal limits; she was not easily distracted; and her train of thought was logical and coherent. Dr. Everhart opined plaintiff is able to do simple work and would work best with minimal public contact, as the ALJ observes (Tr. 24-25, 466).

When he weighed the conflicting evidence, the ALJ considered the opinion of treatment provider Meg Jones, ARNP (Tr. 25-26). Ms. Jones notes plaintiff had no treatment for a nine month period, from June 2007 through March 2008. This period included onset in February 2008. The ALJ points out Ms. Jones noted in October 2008 (eight months after onset) plaintiff complained of slight depression. Her overall progress was good and her condition stable. Thereafter, Ms. Jones largely describes plaintiff as stable or in remission (Tr. 25-26 (see e.g. Tr. 603, 605, 609, 615, 617, 621, 635, 638, 641, 647, 680, 684: April 2007-July 2009). Ten months after onset, Jenny Edminster, ARNP, notes there is no evidence of anxiety or depression (Tr. 667). Danielle Riggs, ARNP, opined in April 2008 plaintiff's schizoaffective disorder improved when she took psychotropic medication as prescribed. She felt plaintiff needs to stay on these medications, and she was fairly stable when taking them (Tr. 434-435).

The ALJ is responsible for reviewing the evidence and resolving conflicts or ambiguities in testimony. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). It is the role of the trier of fact, not this court, to resolve conflicts in evidence.

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                                    - 15 -

1 *Richardson*, 402 U.S. at 400. As noted, the court has a limited

2 role in determining whether the ALJ's decision is supported by

3 substantial evidence and may not substitute its own judgment for

4 that of the ALJ, even if it might justifiably have reached a

5 different result upon de novo review. 42 U.S.C. § 405(g).

6 The ALJ's assessment of the evidence is fully supported by

7 the record and free of harmful error.

8 <center>**CONCLUSION**</center>

9 Having reviewed the record and the ALJ's conclusions, this

10 court finds that the ALJ's decision is free of legal error and

11 supported by substantial evidence..

12 **IT IS ORDERED:**

13 1. Defendant's Motion for Summary Judgment **(Ct. Rec. 21)** is

14 **GRANTED.**

15 2. Plaintiff's Motion for Summary Judgment **(Ct. Rec. 19)** is

16 **DENIED.**

17 The District Court Executive is directed to file this Order,

18 provide copies to counsel for Plaintiff and Defendant, enter

19 judgment in favor of Defendant, and **CLOSE** this file.

20 DATED this 9th day of December, 2011.

21

22                    s/ James P. Hutton
                     JAMES P. HUTTON
23             UNITED STATES MAGISTRATE JUDGE

24

25

26

27

28

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                    - 16 -